RAQUETTE FALLS LAND COMPANY, Claimant, _v._ THE STATE OF NEW YORK, Defendant.

Claim No. 17143.

Court of Claims, January 23, 1925.

**State — claim for land in Essex county appropriated by State — motion by State under Court of Claims Act, § 20, to bring in additional parties — motion is based on alleged invalidity of claimant's title — claimant purchased land subject to taxes — sale was for taxes levied prior to time claimant purchased — claimant, through agent, purchased at tax sale — claimant not under legal duty to pay taxes — claimant's title is good — motion denied.**

In proceedings to recover compensation for lands in Essex county, appropriated by the State of New York, a motion made by the State, pursuant to section 20 of the Court of Claims Act, to bring in additional parties, on the ground that claimant's title which rests upon a tax sale is invalid, must be denied, since it appears that claimant purchased the land in question subject to all taxes and assessments; that thereafter the land was sold for taxes assessed and levied prior to the time that claimant purchased the land, and that the claimant, through an agent, purchased the land at the tax sale.

The claimant was under no duty to pay the back taxes either by statute or by agreement, and, therefore, acquired a valid title by purchase at the tax sale.

MOTION to bring in additional parties to claim to recover compensation for lands appropriated by the State.

_George N. Ostrander_, for the claimant.

_Carl Sherman_, Attorney-General [_Clarence R. Cummings_, Deputy Attorney-General, of counsel], for the State of New York.

SMITH, J.:

A motion has been made by the Attorney-General pursuant to the provisions of section 20 of the Court of Claims Act to bring in additional parties to this claim which is one to recover compensation for lands in Essex county appropriated by the State. Claimant's title rests upon a tax title which the State assails claiming that the purchaser at the tax sale was disqualified from purchasing for the reason, as claimed, that at the time of the tax sale the purchaser rested under a duty or obligation to pay the tax and thus prevent the sale. The lands in question here were, in the year 1900, conveyed to the Brooklyn Cooperage Company by the Adirondack Timber and Mineral Company " subject to all taxes and assessments which may be a lien thereon from and after March 20, 1889."

In December, 1900, the State Comptroller sold the lands for taxes assessed and levied in 1898 and prior years, and at such sale one Frazier, an employee in the office of the Brooklyn Cooperage

Company, became the purchaser and received a tax deed of the lands. Frazier later conveyed to the Brooklyn Cooperage Company, which, through mesne conveyances, conveyed to the claimant.

For the purposes of this motion I shall assume that Frazier in purchasing at the tax sale acted as the agent and in the interest of his employer, the Brooklyn Cooperage Company.

The learned Attorney-General urges that when the Brooklyn Cooperage Company accepted the deed of the lands from the Adirondack Timber and Mineral Company, " subject to all taxes and assessments which may be a lien thereon from and after March 20, 1889," it thereby assumed the affirmative duty to pay them, and that the subsequent purchase at the tax sale was in fact but the performance of that duty and gave rise to no new or other title than it already had.

The Brooklyn Cooperage Company was not the owner or occupant of the lands at the times the assessments were made or the taxes levied. If it owed a legal duty to pay the taxes, it was solely because it had taken a deed of the lands subject to the taxes. There was no express agreement to pay the taxes. There was in fact nothing more than a recital of the understanding of the parties that there were certain unpaid taxes against the land for which the grantor was not to be held responsible or accountable.

This imposed no affirmative duty upon the grantee. Certainly it imposed no duty upon it in favor of any person claiming title hostile to the title of the Brooklyn Cooperage Company. The purchase at the tax sale was in violation of no duty owed by the cooperage company to any person who would be adversely affected by the sale, and the title which it acquired by the tax deed was and is a good marketable title, there appearing no irregularities in any of the proceedings leading up to the tax sale.

The situation here is unlike that in *Cottle* v. *County of Erie* (57 App. Div. 443; affd., 173 N. Y. 591), cited by the Attorney-General. In that case lands were purchased at a judicial sale pursuant to the provisions of a judgment of the Supreme Court directing the sale, which provided in terms that the sale was to be made subject to all taxes and assessments which have become liens subsequent to February 21, 1884, and the referee's deed conveyed the lands subject to such taxes and assessments. The purchaser at the judicial sale did not pay the taxes referred to in the judgment and thereafter the lands were sold at tax sale and purchased by others. The purchaser at the judicial sale then brought an action for the purpose of obtaining a determination that the tax sale and all proceedings leading up to it, including the assessments, were void.

The court held that inasmuch as he had purchased the property at the judicial sale under a judgment which provided that the lands should be sold subject to these very taxes and as his deed contained the same provision, he was estopped from denying the validity of the tax proceedings and the tax sale, and that the title of the defendants derived through the tax sale was good. It was not held that the reservation in the referee's deed imposed upon the plaintiff the affirmative duty to pay the taxes.

In this case the validity of the tax deed and the tax proceedings is not assailed. On the contrary, they are admitted to be valid and are relied upon by claimant as establishing its title.

The motion to bring in additional parties is denied.

PARSONS, J., concurs.