Richard D. Simons, J.
Plaintiff brings this action pursuant to article 15 of the Real Property Law to compel the determination of claims to property located in the Town of Vienna, New York, consisting of a parcel of land on which is located a two-story frame house and garage. Plaintiff derives his title by warranty deed executed by the defendants Charles A. Skinner and Mary 0. Skinner, his wife, on the 5th day of November, 1960. In turn, the Skinners derive their title by tax deed from *1083 the Board of Supervisors of Oneida County dated September 8, 1960.
The defendant Winifred Butcher originally owned the premises as tenant by the entirety with her husband (now deceased). On July 21, 1958, the defendant Winifred Butcher and her husband entered into a land contract with the defendants Charles A. Skinner and Mary 0. Skinner for the sale of the premises for the sum of $7,000, and pursuant to the said contract, Skinners paid $350 down and agreed to pay the balance remaining by payment of the sum of $56.12 per month to be applied to interest and principal, for the next 15 years. The Skinners also undertook to pay all the taxes due on the said premises after the date of the contract. Both the Butchers and Skinners were represented by legal counsel at the time of executing the land contract.
The defendant Hughie Butcher is the grantee of certain premises adjacent to the premises described in the contract of sale to Skinners and is the son of Winifred Butcher and Earl Butcher. He acquired this land by deed from Winifred Butcher dated on or about March 22, 1960.
It appears from the proof that at the time of the contract in July of 1958, there remained unpaid on the premises of Hughie Butcher and Skinners certain real estate taxes assessed by the County of Oneida for the year 1956. The defendants allege no knowledge of these unpaid taxes at the time of the execution of the land contract. The Skinners made payments pursuant to the terms of the contract until about September, 1960 and then defaulted.
On or about the 8th of September, 1960, Skinners received a deed to the premises from the County Board of Supervisors. At that time, they paid the delinquent taxes and executed an affidavit and delivered it to the County Treasurer stating that they were then the owners of the premises and as such entitled to bid on the same. This affidavit requested a deed from the Board of Supervisors covering the Butcher and Skinner property and was notarized by the attorney for Butchers who did so at the request of the Skinners. The Skinners have been in possession of the premises from July, 1958 continuously up to the present time.
Skinners conveyed the property to plaintiff on November 5, 1960. Five days later, plaintiff, by his attorney, directed a letter to the Skinners and to Mrs. Butcher stating that he was the owner of the premises. The Butchers say that this is the first knowledge they had of the delinquent taxes on the property and that upon receipt of that letter, their attor *1084 ney contacted plaintiff’s attorney in an unsuccessful effort to repurchase their interest by repayment of the taxes with interest and penalties and any other expenses the plaintiff may have incurred. On November 29, 1961, this action was instituted by the plaintiff against the defendants. The Butchers entered a general denial and a counterclaim alleging a conspiracy by plaintiff and Skinners to defraud them. The defendant Mary 0. Skinner is the niece of plaintiff’s wife and neither the defendant Charles A. Skinner nor Mary 0. Skinner has appeared in this action.
It is the claim of the plaintiff that sometime in the Summer of 1960 he was requested by defendant Skinner to advance money for the payment of taxes and did so. Once again in September of 1960, he was requested to advance tax money and did so. However, at that time, concerned about the Skinners ’ ability to pay him, he requested a deed to the premises. He admits knowledge of the existing land contract between the Butchers and Skinners, that it was in default, and that the money advanced was to acquire a tax title to the premises adverse to the ownership of the Butchers. The total sum advanced for taxes in September of 1960 was approximately $185. The plaintiff has continued to pay all taxes on the premises since that day and he has allowed the Skinners to remain in possession. He has not received any rent nor does he expect to receive any rent from the defendant Skinner. Plaintiff seeks by this action to bar any claims, interest or estate in the subject premises by defendants and alleges pursuant to the applicable provisions of the Tax Law that his title is absolute.
While the defendants entered a general denial, they do not seriously question the regularity of the tax title pursuant to article 6 of the Tax Law (now Beal Property Tax Law, art. 10). The deed from the County Treasurer to the Board of Supervisors of Oneida County was dated April 11, 1958. Title was acquired by the Skinners from the Board of Supervisors September 8,1960, and by the plaintiff from the Skinners November 5, 1960. The deed from the County Treasurer to the Board of Supervisors was recorded the 25th day of February, 1960.
This action was commenced November 29,1961. The period of redemption provided in the Tax Law has expired and less than two years having passed between the date of the recording and the institution of this action, there is a rebuttable presumption that the tax sale and all proceedings prior thereto were regular. (Tax Law, former § 131.) This presumption of regularity has not been overcome by defendants’ evidence.
*1085 The defense rests upon the alleged fraud of the plaintiff and the Skinners. The record discloses that the plaintiff, with knowledge of Winifred Dutcher’s contract rights, acted in concert with Skinners to defeat her legal title by acquisition of a tax deed for the unpaid 1956 tax. The conduct of the plaintiff and Skinners leaves much to be desired from the standpoint of common decency and fair dealing. The court does not condone their actions but they appear to have done nothing on their part which can defeat plaintiff’s title. Unfortunately, there is little that can be said for Dutchers’ inertia in protecting their own rights.
The legal position of the plaintiff is no better than that of the Skinners. By his own testimony, he was not a bona fide purchaser. The question then becomes what was the duty of the Skinners, contract purchasers in possession, as to their vendor, Dutchers. It was, among other things, to pay the taxes subsequent to the contract to purchase dated July 21, 1958. This is not the case of purchaser who undertakes to pay taxes and then defrauds his vendor by acquiring a tax title for taxes which were his responsibility. (See Turner v. Walker, 40 Misc. 379.) This action involves a tax prior to the date of the land contract and there was no duty on the part of the Skinners to pay the taxes accruing in 1956 nor any fiduciary relationship existing between the vendor and purchaser requiring a disclosure of this defect in the title. (Raquette Falls Land Co. v. State of New York, 124 Misc. 300; 85 C. J. S., Taxation, § 809, p. 139.)
The vendor and purchaser here were dealing at arm’s length and both were represented by counsel at the various stages of the proceedings. If there was a defect in this title by reason of unpaid taxes for the year 1956, it was Dutchers’ responsibility to ascertain that defect and eliminate it. Having failed to do so, the Dutchers have allowed the plaintiff’s title to be perfected by operation of law.
Plaintiff is entitled to judgment barring the assertion of any claim or interest in the subject premises by Winifred Dutcher and Hughie Dutcher. While the plaintiff’s own testimony has raised some question as to the exact nature of the conveyance between him and Skinners, the Skinners have failed to appear in this action and assert any claim that the conveyance was other than an outright transfer of title. Accordingly, the plaintiff is entitled to a judgment barring Charles A. Skinner and Mary O. Skinner from asserting any claim or interest in the subject premises.